Susan S. Brown, SBN #287986
SUSAN BROWN LEGAL SERVICES
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 712-3026
Email: susan@susanbrownlegal.com

*Attorney for Plaintiff and the Proposed Classes*

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| ROBERT BERNSTEIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHERN CALIFORNIA TELEPHONE COMPANY,<br><br>    Defendant. | **Case No. 5:19-cv-01888**<br><br>**COMPLAINT FOR:**<br><br>1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(c)(5)**<br><br>**Class Action**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT - 1

Plaintiff Robert Bernstein ("Plaintiff"), by his undersigned counsel, for this class action complaint against Southern California Telephone Company and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities ("Southern California Telephone Company" or "Defendant"), alleges as follows:

## I.   INTRODUCTION

1.   <u>Nature of Action</u>.  Plaintiff, individually and as class representative for all others similarly situated, brings this action against Southern California Telephone Company for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.   Plaintiff alleges that Southern California Telephone Company made telemarketing calls to Plaintiff despite his phone number's presence on the National Do Not Call Registry.

3.   Plaintiff also alleges that Southern California Telephone Company made telemarketing calls to individuals in the absence of any "do not call" policy or training, as well as making such calls to individuals who previously indicated that they no longer wanted to be contacted, such as Plaintiff.

4.   Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, and because Plaintiff's investigation has revealed facts—as set forth below—indicating that he was the target of one such massive campaign, Plaintiff brings this action on behalf of two proposed nationwide classes of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.   PARTIES

5.   Plaintiff Robert Bernstein is an individual residing in Goleta, California, in this District.

6. Defendant Southern California Telephone Company is a California-based Competitive Local Exchange Carrier located at 27515 Enterprise Circle West, Temecula, California 92590.

### III. JURISDICTION AND VENUE

7. <u>Jurisdiction</u>. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's TCPA claims arise under the laws of the United States, specifically, 47 U.S.C. § 227.

8. <u>Personal Jurisdiction</u>. This Court has personal jurisdiction over Southern California Telephone Company because a substantial part of the wrongful acts alleged in this Complaint were committed in California.

9. <u>Venue</u>. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff' claims occurred in this District.

### IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA specifically required the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of … company-specific 'do not call' systems …)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13. Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

14. The FCC found that "the company-specific do-not-call list alternative is the most effective and efficient means to permit telephone subscribers to avoid unwanted telephone solicitations." *Id*. at 8765, ¶ 23.

15. However, recognizing that an honor system would probably be insufficient, the FCC found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

16. It accordingly placed the burden on telemarketers to implement and prove the implementation of their compliance procedures.

17. These regulations are codified at 47 C.F.R. 64.1200(d)(1)-(7).

18. Specifically, these regulations require a company to keep a written policy, available upon demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. § 64.1200(d)(1, 2, 3, 6).

19. This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. 64.1200(d)(4).

20. These policies and procedures prohibit a company from making telemarketing calls unless they have implemented these policies and procedures. 47 CFR 64.1200(d).

21. This cause of action applies to calls to wireless telephone lines. *See* 47 C.F.R. § 64.1200(e).

22. Accordingly, all telemarketing calls violate the TCPA, unless Defendant can demonstrate that they have implemented the required policies and procedures.

23. Additionally, the TCPA outlaws unsolicited telemarketing (robocalls or otherwise) to phone numbers on the National Do Not Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2). Encouraging people to hold telemarketers accountable on behalf on their fellow Americans, the TCPA provides a private cause of action to persons who receive such calls. 47 U.S.C. § 227(c)(5).

## V. FACTUAL ALLEGATIONS

24. Southern California Telephone Company offers residential telecommunications services.

25. One of Southern California Telephone Company's strategies for marketing its telecommunications services and generating new customers is telemarketing.

26. Recipients of these calls, including Plaintiff, do not consent to receive such telephone calls.

27. That's because Southern California Telephone Company purchases the telephone numbers for calls it's going to make from the internet.

28. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

29. Plaintiff's telephone number is (805) 685-XXXX.

30. Plaintiff's telephone number is a residential telephone line.

31. Plaintiff's telephone number is not associated with any business of the Plaintiff.

32. Plaintiff placed his residential telephone number on the National Do Not Call Registry in 2003.

33. It has been continuously on the Do Not Call Registry since that time.

34. In July and August of 2019, Plaintiff received numerous solicitation calls.

35. During a number of those calls, Plaintiff requested that he no longer be called.

36. During one of the calls, Defendant informed Plaintiff that he would be placed on its do not call list

37. The calls continued.

38. Plaintiff received another solicitation call on August 8, 2019 and lodged a public complaint against the company on the internet.

39. While Defendant responded and apologized while acknowledging the solicitation, they continued to make solicitation calls, including another call in September of 2019.

40. This conduct demonstrates that the Defendant engages in telemarketing conduct despite not having:

    (i) A written policy pertaining to "do not call" requests;

    (ii) Not training their personnel on the existence or use of any internal "do not call" list;

    (iii) Not recording or honoring "do not call" requests.

41. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Southern California Telephone Company. The calls were annoying, harassing nuisances.

42. The calls came from (800) 481-4999.

43. Numerous individuals have complained about calls from that number:

> Caller left a message saying they were "Jackie from the Southern California Telephone Company" calling "regarding your Verizon monthly residential bill", but I do not have a Verizon monthly residential bill. Did not respect "Do Not Call" list. Also, although they called using a caller ID of "Temecula" from 1-951-719-8700, the woman gave a callback number of 1-800-481-4999 X430
>
> Received call on cell phone (so it costs me money), supposedly from Frontier regarding a discount I'm eligible for, with return number of 800-481-4999. Call was made from 443-765-1487. It is definitely a scam. Not only do all scammers ignore the Do Not Call (hence they are scammers)
>
> Rec'd call today from same company. I also am on DNC list.

*See* https://800notes.com/Phone.aspx/1-800-481-4999 (last visited September 25, 2019).

44. Plaintiff did not provide his prior express written consent to Southern California Telephone Company to receive the calls.

45. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Southern California Telephone Company because their privacy has been violated, they were annoyed and harassed, and, in some instances, they were charged for incoming calls. The calls occupied their telephone lines, rendering them unavailable for legitimate communication.

## VI. CLASS ACTION ALLEGATIONS

46. <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the following classes:

> <u>National Do Not Call Registry Class</u>: All persons in the United States to whom: (a) Defendant and/or any person or entity acting on Defendant's behalf initiated more than one telephone solicitation call; (b) promoting Defendant's

goods or services; (c) in a 12-month period; (d) on their residential telephone line, including on a cellular telephone; (e) whose residential telephone number had been on the National Do-Not-Call registry for at least 31 days; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

<u>Internal Do Not Call List Class</u>: All persons in the United States to whom: (a) Defendant and/or any person or entity acting on Defendant's behalf initiated more than one telephone solicitation call; (b) promoting Defendant's goods or services; (c) on their cellular telephone line or residential telephone line; and (d) at any time in the period that begins four years before the date of filing this Complaint to trial.

47. <u>Numerosity</u>. The Classes are so numerous that joinder of all members is impracticable. On information and belief, the Classes have more than 100 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

48. <u>Commonality</u>. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a. Whether Defendant violated the TCPA by making telemarketing calls to numbers on the National Do Not Call Registry;

    b. Whether Defendant maintained a written "do not call" policy;

    c. Whether Defendant trained their employees or agents engaged in telemarketing on the existence and usage of any "do not call" policy;

    d. Whether Defendants recorded or honored "do not call" requests;

      e.      Whether Defendant placed calls without obtaining the recipients' prior express invitation or permission for the call; and

      f.      Whether the Plaintiff and the Classes members are entitled to statutory damages because of Defendant's actions.

49.   <u>Typicality</u>.  Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims and those of the Classes arise out of the same course of conduct by Southern California Telephone Company and are based on the same legal and remedial theories.

50.   <u>Adequacy</u>.  Plaintiff will fairly and adequately protect the interests of the Classes.  Plaintiff has retained competent and capable counsel with experience in TCPA class action litigation.  Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so.  Neither Plaintiff nor his counsel have interests contrary to or conflicting with those of the proposed Classes.

51.   <u>Predominance</u>. Southern California Telephone Company has engaged in a common course of conduct toward Plaintiff and members of the Classes.  The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues.  For example, the TCPA's statutory damages obviate the need for mini-trials on actual damages. Adjudication of these common issues in a single action has important and desirable advantages, including judicial economy.

52.   <u>Superiority</u>.  A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel Southern California Telephone Company to comply with the TCPA.  The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Southern California Telephone Company is small because the damages in an individual action for violation of the TCPA are small.

Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the calls at issue are all automated and because the TCPA articulates bright-line standards for liability and damages. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

53. <u>Injunctive and Declaratory Relief is Appropriate</u>. Southern California Telephone Company has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a classwide basis.

54. <u>Notice</u>.  Plaintiff anticipates that the mailing address and/or electronic mailing address of Class members will be obtained during discovery from Defendant's calling records (potentially in conjunction with third-party databases that map phone numbers to such addresses).  Plaintiff anticipates that Class counsel will notify Class members in writing at such addresses.

## VII.   FIRST CLAIM FOR RELIEF
**Violations of 47 C.F.R. § 64.1200(c) & 47 U.S.C. § 227(c)(5) – National Do Not Call Registry**

55. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

56. The foregoing acts and omissions of Defendant, either directly or through the actions of others, constitute numerous and multiple violations of 47 C.F.R. § 64.1200(c), by initiating more than one telephone solicitation within a 12-month period to Plaintiff and members of the National Do Not Call Registry Class

who have registered their telephone numbers with the National Do-Not-Call Registry for at least 31 days.

57. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 C.F.R. § 64.1200(c), Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of $500 in statutory damages for each and every call initiated to them, after registering their telephone numbers with the National Do Not Call Registry for at least 31 days, pursuant to 47 U.S.C. § 227(c)(5)(B).

58. Furthermore, Plaintiff requests that the Court use its discretion and treble the requested damages to $1,500 for each and every call initiated to them, after registering their telephone numbers with the National Do Not Call Registry for at least 31 days, pursuant to 47 U.S.C. § 227(c)(5)(B).

### VIII.   SECOND CLAIM FOR RELIEF
**Violations of 47 C.F.R. § 64.1200(d) & 47 U.S.C. § 227(c)(5) - Internal Do Not Call Provisions**

59. Plaintiff realleges and incorporates by reference each allegation set forth in the preceding paragraphs.

60. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of 47 C.F.R. § 64.1200(d), by initiating any call for telephone solicitation purposes to Plaintiff and members of the Internal Do Not Call List Class, without following procedures for maintaining a list of persons who request not to receive telephone solicitation calls ("internal do-not-call list"). This includes Defendant's failure to properly record do-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not-call requests.

61. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of 47 C.F.R.

§ 64.1200(d), Plaintiff and members of the Internal Do Not Call List Class are entitled to an award of $500 in statutory damages for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

62. Furthermore, Plaintiff requests that the Court use its discretion and treble the requested damages to $1,500 for each and every call in violation of the internal do-not-call list regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

63. Plaintiff and members of the Internal Do Not Call List Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating 47 C.F.R. § 64.1200(d) by failing to follow procedures for maintaining a list of persons who request not to receive telephone solicitation calls in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## IX.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of all members of the Classes, prays for judgment against Southern California Telephone Company as follows:

    A.    Certification of the proposed Classes;

    B.    Appointment of Plaintiff as representative of the Classes;

    C.    Appointment of the undersigned counsel as counsel for the Classes;

    D.    A declaration that actions complained of herein by Southern California Telephone Company and/or its affiliates, agents, or related entities violate the TCPA;

    E.    An award to Plaintiff and the Classes of damages, as allowed by law;

    F.    An award to Plaintiff and the Classes of attorney's fees and costs, as allowed by law and/or equity;

G.  Leave to amend this Complaint to conform to the evidence presented at trial; and

H.  Orders granting such other and further relief as the Court deems necessary, just and proper.

## X. DEMAND FOR JURY

Plaintiff demand a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2019.

SUSAN BROWN LEGAL SERVICES

By: */s/ Susan S. Brown, SBN #287986*
Susan S. Brown, SBN #287986
388 Market Street, Suite 1300
San Francisco, CA 94111
Telephone: (415) 712-3026
Email: susan@susanbrownlegal.com

*Attorney for Plaintiff and the Proposed Classes*